PER CURIAM.
The appellant challenges his conviction for attempted robbery while masked and armed with a firearm. He first argues that the trial court .erred by denying his motion for judgment of acquittal because the state failed to present sufficient evidence that he intended to steal from the alleged victim, a necessary element of his offense. We conclude that there was sufficient evidence to support this element and that the court properly denied the motion. The appellant next argues that the court erred by excluding certain testimony that he sought to introduce during cross examination of one of the state’s witnesses; in particular, testimony that he had provided statements in conjunction with his confession that were consistent with his theory of innocence. As the state had already introduced the incriminating aspects of the appellant’s statements during direct examination, the appellant was entitled to introduce his contemporaneous consistent statements in accordance with the rule of completeness. See Christopher v. State, 583 So.2d 642 (Fla.1991). Because we are unable to say that the court’s error in precluding this testimony was harmless beyond a reasonable doubt, see State v. DiGuilio, 491 So.2d 1129 (Fla.1986), the appellant’s conviction is reversed and this case is remanded.
ALLEN, VAN NORTWICK and BROWNING, JJ., concur.